**MORGAN, Plaintiff-Appellant, v. COLUMBUS (City), Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3648. Decided November 23, 1943.

Harold Adams, Columbus, for plaintiff-appellant.

John L. Davies, City Attorney, E. W. McCormick, First Asst. City Atty., Richard W. Gordon, Sr., Asst. City Atty., Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court in favor of the defendant, dismissing plaintiff's petition and dissolving a temporary injunction theretofore allowed. Plaintiff's claim for the relief sought, namely, that a certain resolution be declared null and void and the defendant perpetually enjoined from appropriating the property therein described, is predicated upon the averment and stipulated testimony to support it, that the Council of the City of Columbus by majority thereof acted unreasonably, arbitrarily and not in good faith, in enacting a resolution declaring its intention to appropriate for alley purposes a strip of land described, running across the lot of plaintiff, in such a manner as to completely destroy its value and use and impose upon the taxpayers of said city great expense in the appropriation of said alleyway, when an alley across said lot was available at no cost to the taxpayers and city.

Counsel for the parties are in practical agreement, that the obligation of proof upon the plaintiff is to establish either abuse of discretion or bad faith by the members of Council in the enactment of the resolution under consideration. **Sargent v Cincinnati, 110 Oh St 444.**

The record was made up in this Court by stipulation, which in part discloses that, if plaintiff had testified, she would say that she is the owner of one-half of the lot described in the petition and Paul Worstell is the actual owner of the other one-half; that the City Council of Columbus in regular session by vote of 4 to 3 adopted the resolution under consideration and there is also tendered her testimony, to which objection is interposed, to effect that Paul Worstell

is, and has been, since December, 1941, absent from the State of Ohio by reason of his service in the Navy; that the City Council had the resolution under consideration since the early winter of 1942, at which time it was set especially for hearing and that Paul Worstell then made a special visit to the City of Columbus to attend a hearing of Council, at which time the Council resolved itself into a committee of the whole and voted 6 to 0 to abandon the enactment of the appropriation resolution and to accept from the plaintiff an eighteen foot alleyway off the east side of the lot under consideration for alley purposes; that, pursuant to said understanding, the owner of the lot tendered said deed to the city without cost but it has not been accepted by the city. Further, that the chief engineer of the City of Columbus, if called upon to testify, would say that he had attended hearings with the Council with respect to the alleyways under consideration and that the adoption of the resolution set forth in the petition, was not pursuant to his advice and recommendation and that said alleyway as therein provided is not practical and that he so advised said Council prior to the adoption of the resolution. This testimony tendered through the witnesses, Worstell and Maetzel, is objected to by defendant as being incompetent and irrelevant.

Sections 1, 2, 3, and 74 of the charter of the City of Columbus, Ohio, are set out by stipulation and on behalf of the appellee is presented also, what is said would be the testimony of Clarence Ogburn, Chief of the Columbus Fire Department and certain residents in the vicinity of the property involved, the effect of which is to tend to establish that the alley which is in existence adjacent to the premises involved is not adequate for the purposes of fire protection by reason of its width and sharp angles.

All of this testimony will be admitted as it reflects upon the good faith of Council in enacting the resolution sought to be enjoined.

It may be readily conceded that there are many moving reasons why the Council should not have adopted the resolution in question, particularly. after having in the committee of the whole indicated its purpose to accept a deed for enough land to place the alley elsewhere and especially because of the fact that their Civil Engineer advised against the location as adopted. He, by reason of the engineering questions presented, in view of the precipitous nature of the land involved, would seem to be especially well qualified to express an opinion as to the best place to locate the alley. However strong a

360

case this situation presents to the judgment of this Court, it is insufficient to establish either abuse of discretion, or bad faith, in the adoption of the resolution. There is factual support for the action which a majority of the Council took even though we may differ as to its convincing power. It is the body in which is reposed the authority to make determination as to the necessity and advisability of enacting legislation affecting the interests of the City of Columbus and in the action objected to here it has exercised that right and discretion. Every presumption attends to support the good faith of what was done and the proof is not sufficient to overcome it. The prayer of the petition must be denied. It will be so ordered.

The motion for summary judgment in this Court may be overruled because it has no particular office, inasmuch as we are determining the cause generally on the issues and on the merits.

BARNES, P. J., and GEIGER, J., concur.